THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JERMAINE WEEDEN,

    Plaintiff,

v().                            Case No._____
                                     JURY DEMANDED

FLEXTRONICS LOGISTICS USA, INC.,
FLEXTRONICS INTERNATIONAL USA, INC.,
FLEXTRONICS INTERNATIONAL PA, INC., and
FLEXTRONICS AMERICA, LLC.

    Defendants.

## COMPLAINT

Plaintiff Jermaine Weeden brings this cause of action against the Defendants for compensatory and punitive damages arising from race and retaliation discrimination and would show this Honorable Court and a jury of his peers the following:

### Parties, Jurisdiction, and Venue

1. Defendant Flextronics Logistics USA, Inc.— a California Corporation doing business in Tennessee at 6380 Holmes Road, Memphis, Tennessee— is a company that provides post manufacturing supply chain logistics services. Flextronics Logistics USA, Inc. may be served via its Registered Agent for Service of Process CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929. Flextronics Logistics USA, Inc. employs the requisite number of

1

employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, Flextronics Logistics USA, Inc. was the employer of the Plaintiff.

2. Defendant Flextronics International USA, Inc.— a California Corporation doing business in Tennessee at 6380 Holmes Road, Memphis, Tennessee— is a company that provides post manufacturing supply chain logistics services. Flextronics International USA, Inc. may be served via its Registered Agent for Service of Process CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929. Flextronics International USA, Inc. employs the requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, Flextronics International USA, Inc. was the employer of the Plaintiff.

3. Defendant Flextronics International PA, Inc.— a California Corporation doing business in Tennessee at 6380 Holmes Road, Memphis, Tennessee— is a company that provides post manufacturing supply chain logistics services. Flextronics International PA, Inc. may be served via its Registered Agent for Service of Process CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929. Flextronics International PA, Inc. employs the requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, Flextronics International PA, Inc. was the employer of the Plaintiff.

4. Defendant Flextronics America, LLC— a California Corporation doing business

in Tennessee at 6380 Holmes Road, Memphis, Tennessee— is a company that provides post manufacturing supply chain logistics services. Flextronics America, LLC may be served via its Registered Agent for Service of Process CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929. Flextronics America, LLC employs the requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, Flextronics America, LLC was the employer of the Plaintiff.

5. Plaintiff Jermaine Weeden ("Weeden") is a resident of Crittenden County, Arkansas and resides at 230 Amy Circle, Marion, Arkansas 72364.

6. The acts upon which this lawsuit are based arose in Shelby County, Tennessee, and Flextronics's office is located within this County, making venue proper in this Court.

7. Jurisdiction is proper under 28 U.S.C. § 1331 and Title VII of Civil Rights Act, 42 U.S.C. §2000e-5, *et seq.*

8. Weeden submitted a Charge of Discrimination to the EEOC, received a Right to Sue, and filed this action within 90 days of receiving her Right to Sue. A copy of the "Right to Sue" is attached hereto as Exhibit A.

## Facts

9. Weeden is an African-American male.

10. Weeden became an employee Flextronics Logistics USA, Inc., Flextronics International USA, Inc., Flextronics International PA, Inc., and Flextronics

America, LLC (collectively "Flextronics" or "Defendants") on or about December 2003.

11. Weeden was originally hired as a computer technician but was promoted to his final position as an Associate Production Supervisor on or about February 2008.

12. Mr. Weeden consistently received positive work evaluations from Flextronics management and performed as one of Flextronics top supervisors.

13. The business of Mr. Weeden's department was steadily increasing in September 2010, and his department was preparing to hire additional employees.

14. On or about early September 2010, Brian Miller, Human Resource Manager for Flextronics, advised Mr. Weeden that he deserved a raise.

15. During Mr. Weeden's tenure with Flextronics, he noted preferential treatment of similarly-situated white supervisors by Flextronics management.

16. Mr. Weeden's direct supervisor, Fran Gaines, showed favoritism and treated similarly-situated white supervisors better than Mr. Weeden.

17. During Mr. Weeden's tenure with Flextornics, Fran Gaines would frequently not speak or correspond with Mr. Weeden, consistently undermined his authority as an Associate Production Supervisor, and made numerous misrepresentations to Mr. Weeden regarding his job performance and responsibilities.

18. Mr. Weeden reported this disparate treatment and favoritism toward white supervisors to Flextronics Human Resource office on September 28, 2010.

19. Mr. Weeden made another report of his disparate and discriminatory treatment

to Flextronics Human Resource office on September 30, 2010 before his termination that same day.

20. Flextronics did not conduct an investigation into any of Mr. Weeden's discriminatory reporting before his quick termination on September 30, 2010, two days after his initial discrimination report.

21. Upon information and belief, Flextronics wrongfully terminated Mr. Weeden, an African-American male, while retaining similarly-situated White supervisors with less experience, fewer skills, and a weaker employee record.

22. Upon information and belief, Flextronics pays its white employee more money to perform the same duties as Mr. Weeden.

23. Upon information and belief, Flextronics consistently terminated and replaced African-American employees with white employees in supervisory positions at Flextronics.

24. Flextronics's termination was pretext for Flextronics's true motivation, which was discrimination based on Mr. Weeden's race and in retaliation for his report of race discrimination and in furtherance of the hostile work environment for African-American employees at Flextronics.

## Causes of Actions

25. Flextronics committed discrimination against Mr. Weeden when it terminated him on the basis of race, African-American, in violation of Title VII of the Civil Rights Act.

26. Flextronics committed retaliation by discriminating against Mr. Weeden when he reported acts of discrimination in violation of Title VII of the Civil Rights Act

27. Flextronics discriminated against Mr. Weeden when it created a hostile work environment in violation of Title VII of the Civil Rights Act when Flextronics supervisors gave preferential treatment to white supervisors by providing constant feedback and correspondence for white supervisors, not undermining white supervisor's authority, and not making multiple misrepresentations to white supervisors regarding their job performance and responsibilities.

28. Flextronics discriminated against Mr. Weeden when it created a hostile work environment in violation of Title VII of the Civil Rights Act when Flextronics engaged in a pattern of consistently terminating and replacing similarly-situated African-American supervisors with White supervisors.

29. As a result of these violations, Mr. Weeden seeks recovery for back pay, front pay, emotional distress, reinstatement, all benefits incident to employment, punitive damages, attorney's fees, interests, and costs.

WHEREFORE, PREMISES CONSIDERED, Mr. Weeden prays the Court will enter a judgment against Defendants for the relief set forth herein including all compensatory damages available, equitable relief available, liquidated damages, punitive damages, attorney fees, interest, cost, and any further specific or general relief that the Plaintiff shows himself to be justly entitled.

RESPECTFULLY SUBMITTED this the 25th day of October, 2011.

LAW OFFICE OF J. HOUSTON GORDON

BY: /William A. Wooten/
WILLIAM A. WOOTEN (#026674)
KEISHA M. RICHARDSON (#026492)
Attorneys for Plaintiff
P. O. Box 846
Suite 300, Hotel Lindo Bldg.
114 W. Liberty Avenue
Covington, TN 38019-0846
(901) 476-7100/Telephone
(901) 476-3537/Facsimile

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

/William A. Wooten/

LAW OFFICE OF J. HOUSTON GORDON